```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**NICHOLAS D'ANDRE THOMAS,**

                          **Petitioner,**

         v.                                            CASE NO. 21-3241-SAC

**BETHANY LEE,**

                          **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

     This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner, who is proceeding pro se, is a pretrial detainee facing state criminal charges. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). In addition, the Court cautions Petitioner that future petitions for writ of habeas corpus regarding these ongoing state criminal proceedings will be subject to summary dismissal.

     This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C.

§ 2241(c)(3).

Petitioner, who is detained at the Shawnee County Jail in Topeka, Kansas, has filed three previous federal actions seeking this Court's intervention in his pending criminal proceedings in Kansas state court. *See Thomas v. Maban, et al.*, case number 21-cv-3181-SAC; *Thomas v. Hill*, case number 21-cv-3200-SAC; *Thomas v. Wright*, case number 21-cv-3201-SAC. As the Court explained in those cases, principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Where the three circumstances coexist, abstention is mandatory unless extraordinary circumstances are present. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

In Petitioner's previous case, the Court allowed him the opportunity to show cause why *Younger* does not require abstention under his specific circumstances, but Petitioner did not do so. Moreover, as the Court has also pointed out to Petitioner, "[r]epetitious litigation of virtually identical causes of action may be dismissed . . . as frivolous or malicious." *See Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013); *see also Thomas v. Mitchell*, 2020 WL 68379 (D. Kan. Jan. 7, 2020) (memorandum and

order) (citing *Childs* and ordering habeas petitioner to show cause why an identical petition should not be dismissed as repetitive). Each of Petitioner's three previous actions related to his ongoing state criminal proceedings were dismissed either under *Younger* or as repetitive litigation.

Petitioner has now filed this fourth action, his third petition under § 2241, again seeking this Court's intervention in his ongoing state criminal proceedings. In the current petition, Petitioner names a prosecutor as the respondent, while his previous cases included as respondents and/or defendants his defense attorney, a detective involved in the case, and the Shawnee County Sheriff. Regardless of the named respondents, however, all of these actions involve challenges to the same underlying state-court prosecution. And, once again, Petitioner asks the Court to dismiss the criminal charges and order his release. (Doc. 1.)

As pointed out in Petitioner's prior cases, however, the three conditions in *Younger* are satisfied with respect to his current criminal prosecution in state court: (1) the state criminal case against Petitioner is ongoing; (2) the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and (3) the state courts provide Petitioner the opportunity to present his challenges, including his federal constitutional claims. Petitioner is therefore directed to show cause, in writing, on or before November 15, 2021, why this matter should not be summarily dismissed without prejudice under *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

The Court also cautions Petitioner that in the future, any

habeas petitions which challenge the state-court criminal proceedings against him under case number 2020-CR-2781 and which are filed while those proceedings and any related appeals or post-conviction proceedings are ongoing will be subject to summary dismissal as repetitious and frivolous litigation.

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before November 15, 2021, why this matter should not be summarily dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 18th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge