```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**NICHOLAS D'ANDRE THOMAS,**

                 **Petitioner,**

     v.                                          CASE NO. 21-3241-SAC

**BETHANY LEE,**

                 **Respondent.**

## MEMORANDUM AND ORDER

       This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 6), which is granted. For the reasons discussed below, however, the Court will dismiss this action without prejudice.

       Petitioner, who is proceeding pro se, is a pretrial detainee being held at Shawnee County Jail facing state criminal charges. This is the fourth case Petitioner has filed in this Court seeking the Court's intervention in the ongoing state criminal proceedings against him. Each of his three previous actions were dismissed either under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), or as repetitive litigation. *See Thomas v. Maban, et al.*, case number 21-cv-3181-SAC; *Thomas v. Hill*, case number 21-cv-3200-SAC; *Thomas v. Wright*, case number 21-cv-3201-SAC.

       On October 18, 2021, the Court issued a Notice and Order to Show Cause (NOSC) in this matter directing Petitioner to explain, on or before November 15, 2021, why the matter should not also be

dismissed under the *Younger* abstention doctrine. (Doc. 3.) Petitioner filed a timely response to the NOSC. (Doc. 7.) After reviewing the response and attached documents, the Court will dismiss the action without prejudice pursuant to the abstention doctrine set forth in *Younger*.

**Background and Analysis**

Petitioner is in state pretrial custody at Shawnee County Jail. In this action, he names as respondent a prosecutor involved in his state criminal proceedings. He contends that he is being illegally detained without a warrant, without being arrested, and even though he does not fit the description of the suspect. He also asserts that the prosecutor misrepresented evidence and presented falsified evidence to the state district court and that there is no evidence to support his prosecution. Petitioner further contends that there have been procedural irregularities in his state-court proceedings. As relief, he asks this Court to dismiss the state criminal case against him, order his release, and award declaratory and monetary relief. (Doc. 1.)

As noted above, this is not Petitioner's first attempt to challenge his ongoing state criminal proceedings in this Court. The Court has repeatedly explained to Petitioner that as a federal court, this Court may not interfere in ongoing state criminal proceedings except under very specific circumstances where "irreparable injury" is "both great and immediate." *See Younger*, 401 U.S. at 46. The Court also looks to see whether (1) the state criminal proceedings are ongoing, (2) the state criminal proceedings affect important state interests, and (3) the state courts provide a satisfactory opportunity for Petitioner to make

his constitutional arguments. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). If all three of these conditions are met, this Court—-which is a federal court—-may not interfere in the case, which is proceeding in state court. *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

As in Petitioner's previous federal cases, the three conditions are satisfied here: (1) the state criminal case against Petitioner is ongoing; (2) the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and (3) the state courts provide Petitioner the opportunity—-in district court, on appeal if he is convicted, and/or through postconviction motions if necessary—-to present his challenges, including any federal constitutional claims. Therefore, in the NOSC, the Court directed Petitioner to show cause why this matter should not be summarily dismissed without prejudice under *Younger*. (Doc. 3.) Petitioner filed a response to the NOSC, noting that he was responding to the best of his ability, since he was unable to obtain all of the documents he feels he needs. (Doc. 7.)

The Court has carefully considered Petitioner's filings and liberally construed them, as is proper since Petitioner is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'"). Even liberally construed, however, Petitioner's filings do not provide a valid reason for this Court to intervene in Petitioner's ongoing state criminal proceedings. Petitioner's response mention neither *Younger* nor abstention, and it does not include any argument against the Court's conclusion that *Younger* requires this Court to dismiss

the petition.

Rather, Petitioner informs this Court that he needs copies of his arrest warrant, search warrant, bench warrant, arresting officer report, transcripts of any interview he allegedly had with police, any waiver of his rights under *Miranda*, the criminal complaint in his state-court proceedings, any probable cause statement, all of the evidence against him, the lab reports on any DNA testing, any mental evaluations of him and reasons his public defendant disagreed with the conclusion that he was competent to stand trial, the statement of his alleged victim, and other documents. (*Id.* at 1-2.)

Although Petitioner thoroughly explains why he is seeking all of these documents, this Court is not the proper place for Petitioner to make these request. The documents he seeks are directly related to his ongoing state-court proceedings. Like the challenges he has raised in this and his previous federal actions, request for these documents should be made in state court. The online records of the Shawnee County District Court reflect that Petitioner is represented by counsel in his state criminal case. That attorney may be able to assist Petitioner in his desire for additional information. At this point, however, this Court cannot.

Finally, as the Court noted in the NOSC and in Petitioner's previous federal cases, as long as the three *Younger* conditions are met and Petitioner is not in danger of great and immediate irreparable injury, this Court cannot become involved in Petitioner's state-court criminal case, number 2020-CR-2781. "Repetitious litigation of virtually identical causes of action may be dismissed . . . as frivolous or malicious." *See Childs v. Miller*,

713 F.3d 1262, 1265 (10th Cir. 2013); *see also Thomas v. Mitchell*, 2020 WL 68379 (D. Kan. Jan. 7, 2020). Thus, any future petitions Petitioner files in this Court that ask this Court to intervene in those state-court criminal proceedings on similar grounds will be subject to summary dismissal as repetitive and frivolous litigation.

**Conclusion**

The Court must follow the law set forth in *Younger* and dismiss this matter without prejudice. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the motion to proceed in forma pauperis (Doc. 6) is **granted.**

**IT IS FURTHER ORDERED** that the Petition **is dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 5th day of November, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge